UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY MCCANDLESS,<br>Plaintiff,<br>v.<br>WARDEN, FCI HERLONG,<br>Defendant. | No. 2:25-cv-2964 AC<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner is a federal prisoner proceeding in pro se under 28 U.S.C. § 2241 with a habeas petition seeking relief under the First Step Act ("FSA"). ECF No. 1. Respondent has filed a motion to dismiss. ECF No. 10. Petitioner has filed an opposition, ECF No. 11, to which respondent did not reply. For the reasons which follow, the undersigned recommends that the motion be granted.

I. Background

Petitioner is serving a 65-month sentence for wire fraud and identity theft. The petition alleges that petitioner is entitled to application of FSA earned time credits toward early release but that BOP has failed to apply them. He also alleges that he is entitled to pre-release placement under the Second Chance Act.

////

////

II. First Step Act

The First Step Act[1] was created and implemented by Congress to further criminal justice reform. Under the FSA, when a prisoner successfully completes a recidivism reduction program or "productive activity," he earns 10 days for every 30 days of successful participation. 18 U.S.C. § 3632(d)(4)(A)(i). In addition, if the BOP has determined a prisoner is at a "minimum" or "low" risk of recidivating, and he has not increased his risk of recidivism over two consecutive annual assessments, he will earn an additional 5 days of time credit for every 30 days he has participated in such programming. 18 U.S.C. § 3632(d)(4)(A)(ii). The time credits awarded under the FSA are applied to prerelease custody or supervised release. 18 U.S.C. § 3632(d)(4)(C). Application of FSA credits toward early supervised release cannot exceed twelve months. 18 U.S.C. § 3624(g)(3).

III. Motion to Dismiss

Respondent contends that (1) the court lacks jurisdiction to entertain the petition; (2) petitioner has failed to exhaust his administrative remedies regarding FSA credits; (3) petitioner's FSA claim is not ripe; (4) BOP has not violated the FSA; and (5) petitioner is not entitled to relief under the Second Chance Act. ECF No. 10. In opposition, petitioner contends that (1) the court has jurisdiction because calculation and application of time credits directly affects the duration of custody; (2) exhaustion should be excused as futile or, in the alternative, the requirement has been substantially satisfied; (3) BOP's "backward-only credit accounting" unlawfully defeats the FSA; (4) the Second Chance Act does not permit nullification of FSA credits; and (5) he has presented a live controversy.

IV. Analysis

A. Jurisdiction

It is well established that a federal inmate may bring a habeas petition under § 2241 to challenge the manner of a sentence's execution, including BOP's calculation of sentencing credits pursuant to statutory mandate or statutory eligibility for programs related to the execution of sentence. See United States v. Giddings, 740 F.2d 770, 772 (9th Cir. 1984) (petitioners may

[1] First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

challenge the execution of their sentences, including calculation of time credits by BOP, by bringing a 28 U.S.C. § 2241 petition); Zavala v. Ives, 785 F.3d 367, 370 n.3 (9th Cir. 2015) (same); see also Rodriguez v. Smith, 541 F.3d 1180, 1182 (9th Cir. 2008) (affirming district court's grant of habeas relief under section 2241 to prisoner challenging BOP's refusal to consider prisoner for transfer to a Residential Reentry Center).[2]

District courts lack jurisdiction, on the other hand, to review individualized decisions concerning matters such as home confinement and application of time credits in statutory contexts that grant discretion to BOP. See Otuya v. Warden, No. 1:22-cv-1615 ADA SKO, 2023 U.S. Dist. LEXIS 78538 *11, 2023 WL 3254438 (E.D. Cal. May 4, 2023) (citations omitted) (Findings and Recommendations adopted by 2023 U.S. Dist. LEXIS 165176 *, 2023 WL 6059730 (E.D. Cal. Sept. 18, 2023)).

Here the parties' dispute about jurisdiction amounts to a difference over how petitioner's claim(s) should be characterized. In the court's view, petitioner is seeking neither a sentencing benefit to which he is presently entitled under the terms of the FSA (a claim over which the court would have jurisdiction), nor to overturn a discretionary decision not to grant him a benefit under the FSA (which the court lacks jurisdiction to consider). The threshold problem with the petition is best understood not in terms of subject matter jurisdiction but as a ripeness problem. Alternatively, for the reasons explained below, petitioner has failed to state claim under the FSA because he was not yet entitled to the application of credits at the time the petition was filed.

B. Ripeness and Failure to State a Claim

Although petitioner alleges that he has been denied FSA credits to which he is entitled, the gravamen of his claim is that BOP has not yet applied the credits he has earned to his projected release date. See ECF No. 1 at 4. Respondent has provided documentation establishing that petitioner's program days and resulting FSA time credits are being counted, and petitioner does

[2] Respondent relies on a body of caselaw that distinguishes between federal habeas jurisdiction under 28 U.S.C. § 2254, which governs state prisoners' challenges to their custody and implicates comity problems not present in habeas petitions filed by federal prisoners, and lawsuits under 42 U.S.C. § 1983, which are available to state but not federal prisoners to challenge their conditions of confinement and certain issues involving the execution of sentence which do not directly bear on the duration of custody. ECF No. 10 at 2-3. The court finds this authority inapplicable.

not dispute this. (In fact, he relies in part on the documentation he has been given related to BOP's calculations of his credits.) However, pursuant to 18 U.S.C. § 3624(g)(1) and 28 C.F.R. § 523.44, earned credits are not applied toward sentence computation until such time as those credits are equal to the remainder of the inmate's term of imprisonment. See ECF No. 10-1 at 6 (Declaration of Christopher Liwag, BOP Senior Correctional Programs Specialist). Petitioner has not yet reached that point. Id. at 8.

The governing statute itself specifies that prisoners become eligible for FSA benefits when they meet criteria which include having "earned time credits… in an amount that is equal to the remainder of the prisoner's imposed term of imprisonment." 18 U.S.C. § 3624(g)(1)(A). The regulation at issue precisely tracks this statutory requirement. 28 C.F.R. § 523.44(b)(1) (BOP may apply FSA time credits toward prerelease custody or early transfer to supervised relief only if eligible inmate has "[e]arned FSA Time Credits in an amount that is equal to the remainder of the inmate's imposed term of imprisonment"). The court is unpersuaded by petitioner's argument that such "backward-only credit accounting" unlawfully defeats the purposes of the FSA. Quite to the contrary, the statutory language requires it.

Because petitioner's earned credits do not yet equal the remainder of his imposed term of imprisonment, he can claim no entitlement to application of the credits he has earned. Respondent plausibly frames this as a ripeness problem. See National Park Hospitality Ass'n v. Department of Interior, 538 U.S. 803, 807-08 (2003) (the justiciability doctrine of ripeness "prevent[s] the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties."). Because petitioner has not yet been denied any benefit under the FSA, and future harm is speculative, the petition should be dismissed.

The result is the same if the court considers the facial sufficiency of the claim, because there can be no denial of any benefit under the FSA unless and until credits are applied or disallowed. The failure to apply credits anticipatorily, on a rolling basis, does not violate the statute. Rather, the statute requires BOP's policy of waiting to apply credits until the days of

credit equal the remainder of the term.

Petitioner cites a string of cases in support of his position, claiming that courts across the nation have adopted his argument, ECF No. 1 at 5-6, but none of these cases are on point. In Rodriguez, supra, the Ninth Circuit affirmed a district court judgment that BOP has the statutory authority under 18 U.S.C. § 3621(b) to place an inmate in community confinement at any time, and could not refuse to consider an inmate for discretionary transfer on the basis of a blanket policy limiting community placement to the final 10 months of a sentence. Rodriguez, 541 F.3d at 1187, 1189. In the course of its analysis, the court explained that § 3621(b) discretion operates independently of the First Step Act's provision in § 3624(c) for prerelease custody during a specified tail end of a custodial sentence. Accordingly, the BOP could not use the language of § 3624(c) to justify a policy inconsistent with § 3621(b). Rodriguez, 541 F.3d at 1184-85. The case at bar does not involve a BOP refusal to consider placement options under § 3621, so Rodriguez is inapposite.

Petitioner also relies heavily on Gonzalez v. Herrera, 151 F.4th 1076 (9th Cir. 2025), which addressed an issue equally different from the one presented here. In Gonzalez, the petitioner had completed his custodial sentence, was on early supervised release pursuant to the FSA, and challenged BOPs refusal to apply his remaining, excess FSA credits to reduce the term of supervised release itself. Gonzalez, 151 F.4th at 1078. The Ninth Circuit held that the FSA does authorize the reduction of a term of supervised release, and not just early release from custody to supervision. Id. at 1081. Petitioner here has not been denied application of FAS credits toward his term of supervised release. As explained above, he has not yet served a sufficient portion of his imposed custodial sentence for his FSA credits to be applied to anything. Gonzalez does not hold, as petitioner suggests, that FSA credits must be applied to maximum benefit on a rolling basis as they are earned.

The other cases that petitioner cites are district court cases from other circuits, and all are inapposite. Yufenyuy v. Warden, 659 F. Supp. 3e 213 (D. N.H. 2023), involved a successful challenge to BOP's failure to award earned FSA credits for a specific period of time during which petitioner was subject to an immigration detainer. Sharma v. Peters, 756 F.Supp.3d 1271 (M.D.

Ala. 2023), involved a challenge to disallowances of credits on various grounds, including BOP's allegedly erroneous calculation of the petitioner's risk assessment score. Woodley v. Warden, 2024 U.S. Dist. LEXIS 87521 (D. Kan. May 15, 2024), was a challenge to BOP's delay of petitioner's transfer to pre-release custody on grounds not authorized by statute (lack of bedspace at an RRC). Cruz v. Warden, Case No. 1:23-cv-16879 (D.N.J. Sept. 14, 2023), did not involve FSA credits at all. It was a federal inmate's civil rights complaint alleging a due process violation related to prison disciplinary proceedings, which was dismissed on screening. None of these cases speak to petitioner's claim or to his ripeness problem.

For all the reasons explained above, the undersigned concludes that petitioner has not presented a ripe controversy about the application of the FSA credits he has earned, and that the petition fails to state a claim for relief. The motion to dismiss should be granted.

C. Other Issues

Because the motion to dismiss must be granted for the reasons explained above, the court need not address respondent's contention that petitioner has failed to exhaust his administrative remedies and plaintiff's responsive argument that exhaustion should be excused as futile.

Petitioner's argument regarding the Second Chance Act also requires little discussion, as it hinges on his FSA credits claim. Petitioner appears to argue that his date of transfer to home confinement or an RRC under the Second Chance Act should be calculated backward from his release date as adjusted in advance by his FSA credits, so that he gets the maximum benefit of both statutes. See ECF No. 1 at 9. Because the claim regarding application of FSA credits is premature, this argument necessarily fails. Moreover, as respondent points out, the Second Chance Act provides for *discretionary* designation to prerelease custody. Sacora v. Thomas, 628 F.3d 1059, 1062, 1066 (9th Cir. 2010). It does not provide an additional or cumulative source of credits toward such release. And in any event, BOP's exercise of its discretion regarding such placement is not judicially reviewable. Reeb v. Thomas, 636 F.3d 1224, 1227 (9th Cir. 2011).

////

////

////

CONCLUSION

For the reasons explained above, it is HEREBY ORDERED that the Clerk shall randomly assign a U.S. District Judge to this case.

It is FURTHER RECOMMENDED that the motion to dismiss, ECF No. 10, be GRANTED and this case closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991). **Due to exigencies of the court calendar, extensions of time to file objections are strongly disfavored. Objections need only identify the portion(s) of the Findings and Recommendations to which objection is made.**

DATED: August 21, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE