UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY McCANDLESS,<br>Petitioner,<br>v.<br>WARDEN, FCI HERLONG,<br>Respondent. | No. 2:25-cv-02964-DAD-AC HC<br><u>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING RESPONDENT'S MOTION TO DISMISS PETITION</u><br>(Doc. Nos. 10, 13) |

Petitioner Kelly McCandless is a federal prisoner proceeding *pro se* with a habeas petition brought pursuant to 28 U.S.C. § 2241 seeking relief under the First Step Act (FSA). The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c)(17).

On August 21, 2026, the assigned magistrate judge issued findings and recommendations recommending that respondent's motion to dismiss the pending petition (Doc. No. 10) be granted. Specifically, the magistrate judge concluded that "pursuant to 18 U.S.C. § 3624(g)(1) and 28 C.F.R. § 523.44, earned credits are not applied toward sentence computation until such time as those credits are equal to the remainder of the inmate's term of imprisonment" and "[b]ecause petitioner's earned credits do not yet equal the remainder of his imposed term of imprisonment, he can claim no entitlement to application of the credits he has earned." (*Id*. at 4.)

/////

The pending findings and recommendations were served upon petitioner and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.* at 7.) On September 3, 2026, petitioner filed his objections. (Doc. No. 14.) Therein, petitioner presents several creative arguments, including reliance on the Supreme Court's decision in *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024) in support of his contention that the Bureau of Prison's interpretation of the method of calculating and projecting First Step Act credits should be subject to the court's independent review and that the negative practical effects of the current interpretation of the FSA should be considered by the court as well. (*Id.* at 2–3.) Nonetheless, nothing raised in those objections persuades the court that it should reject the well-reasoned statutory analysis undertaken in the pending findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and proper analysis.

Accordingly,

1. The findings and recommendations issued on August 21, 2026 (Doc. No. 13) are adopted in full;
2. Respondent's motion to dismiss (Doc. No. 10) the pending petition is granted and the petition is dismissed;[1] and
3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **September 22, 2026**

Dale A. Drozd
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

[1] Because petitioner is a federal prisoner bringing a § 2241 petition, a certificate of appealability is not required. *See Harrison v. Ollison*, 519 F.3d 952, 958 (9th Cir. 2008) ("The plain language of [28 U.S.C.] § 2253(c)(1) does not require a petitioner to obtain a COA in order to appeal the denial of a § 2241 petition.").